UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT A. POLITTE, JOAN M. POLITTE, AND TRKSS, LLC, | ) ) | Civil No. 07-CV-1950-JLS(WVG) |
| Plaintiffs, | ) ) ) | ORDER REGARDING ORDER TO SHOW CAUSE AGAINST PLAINTIFFS AND DENYING PLAINTIFFS' MOTION FOR |
| v. | ) ) | RECONSIDERATION |
| | ) | (Doc. No. 248) |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

Giving rise to this order is Plaintiffs' Forthwith Motion For Emergency Relief, For a Protective Order and For Sanctions to Stop Discovery Abuses. (Doc. No. 243.) The Court denied the motion in its entirety because it had no merit and issued an order demanding Plaintiffs to show cause why sanctions should not issue for the baseless filing. (Doc. No. 247.) Plaintiffs responded and concurrently requested the Court to reconsider its earlier ruling. (Doc. No. 248.)    Presently, the Court will exercise restraint and not sanction Plaintiffs despite their unfounded suspicion regarding IRS Revenue Officer Erin Kelly's intentions in issuing the summonses.  Because the Court has questioned Plaintiffs' dilatory tactics in the past (doc. no. 199) and again now, future action so poorly founded as the instant motion, will be considered akin to contempt and  sanctions will issue from this Court.  Accordingly, the Court declines to issue Rule 11 sanctions against Plaintiffs and DENIES Plaintiffs' Motion for Reconsideration.

BACKGROUND

While Plaintiffs and Defendant have litigated this case, the IRS has maintained an independent tax collection investigation against RJAMP, not a party to this lawsuit.[1] In mid-June 2010, the IRS requested RAJMP's account records from Union Bank of California, Bank of the West, and California Bank & Trust via administrative summonses. At 3:58 P.M. Friday July 9, 2010, Plaintiffs filed a motion for emergency protective order[2] contesting compliance with the IRS administrative summonses due the following Monday, July 12, 2010. The Court promptly but temporarily stayed all deadlines imposed by the summonses until the resolution of the motion. (Doc. No. 244.) The Government opposed the motion on July 20, 2010, and Plaintiffs replied July 27, 2010.

The Court denied Plaintiffs' motion and ordered Plaintiffs to show cause why sanctions should not be imposed as the motion appeared both frivolous and without merit, legally and factually. (Doc. No. 247.)  Plaintiffs filed a response and a concurrent motion for reconsideration.

DISCUSSION

a.) Order to Show Cause For Sanctions

Rule 11(c)(3) grants the Court authority to sanction attorneys who fail to demonstrate that a motion is adequately supported by law and evidence.[3] Fed. R. Civ. Proc. 11(c)(3). Court-issued sua sponte Rule 11 sanctions "will ordinarily be imposed only in situations that are akin to a contempt of court." United Nat. Ins.Co. v. R & D Latex Corp.,242 F.3d 1102, 1116 (9th Cir. 2001) (denying sanctions because although disapproved, the offending actions failed to rise to contempt in purpose or substance); see Perez v. City of Los Angeles, 98 Fed. Appx. 703, 708 (9th Cir. 2004) (denying sanctions for lack of evidence in court record of "litigation tactics so vexatious as to be unjustifiable").

---

[1] At issue in this lawsuit, among other things, is whether Plaintiffs are the alter-ego of RAJMP.

[2] Defendant's counsel was likely not to see the emergency motion until Monday July 15, 2010, as it was filed at 6:58 P.M. East Coast time.

[3] Specifically, 11(b)(2) and (3) provide: the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending... and the factual contentions have evidentiary support. Fed. R. Civ. Pro. 11(b)(2)-(3).

1    Plaintiffs contend their motion was filed in good faith and that the Court failed to

2    appreciate Officer Kelly's plan for "improperly using the summonses to gather evidence on her

3    own, [and] to bolster her testimony at trial." (Doc. No. 248, 3:19-20.) Plaintiffs further argue that

4    sanctions are not warranted because they "ha[d] a good faith belief that the summoned informa-

5    tion will find its way into RO Kelly's testimony without the Plaintiffs, Department of Justice, or

6    perhaps even RO Kelly's ability to know or prevent it." (Doc. No. 248, 4:4-6.)

7    Plaintiffs argue that sanctions are not appropriate because case law provides support

8    to their legal argument. Plaintiff relies principally on two cases, neither of which however,  can

9    hardly be considered supportive. In Universal Manufacturing, petitioners requested a protective

10   order that would exclude any information obtained pursuant to the summonses from use in any

11   tax court proceedings. Universal Mfg. Co. Inc. v. C.I.R., 93 T.C. 589, 594 (1989). The tax court

12   agreed to do so reasoning that the protective order did "not interfere in any way with respon-

13   dent's summons authority." Id. at 595. Plaintiffs other supporting case, Mary Kay Ash v. C.I.R.

14   significantly narrowed, if not overturned, Universal Manufacturing.  The Ash court concluded that

15   it did "not have the authority to issue protective orders under such [r]ule restricting the use of

16   information WHICH WAS NOT OBTAINED THROUGH THE USE OF THE COURT'S DISCOVERY

17   PROCEDURES, but was obtained through other legal procedures." Ash v. C.I.R., 96 T.C. 459, 469-70

18   (1991) (emphasis in original). The Ash court declined to exercise any restriction over the informa-

19   tion obtained in the summons because the petitioner "failed to show respondent's lack of an

20   independent and sufficient reason for the summonses." Id. at 472.

21   Universal Manufacturing and Ash provide little, if any, support to Plaintiffs' original

22   motion. Universal Manufacturing is no longer good law as the Ash court found Universal Manufac-

23   turing's protective order to exceed the authority of the tax court. Even if Plaintiffs cited Universal

24   Manufacturing to demonstrate that the Court has power to limit the use of information in its

25   proceedings, the support fails. Here, unlike the  Universal Manufacturing respondent, the

26   Government already has conceded that none of information obtained through the administrative

27   summonses by Officer Kelly will be used at trial.  Similarly Ash, as persuasive as a tax court case

28   may be, fails to support Plaintiffs' contentions. The Ash court highlighted the burden a party must

07cv1950

1  carry when opposing the issuance of an administrative summons, a standard the Plaintiffs fail

2  even to discuss let alone satisfy.

3       Plaintiffs' response to the order to show cause fails to address and completely ignores

4  the fact that their underlying motion requested far more than the simple exclusion of evidence

5  obtained pursuant to the summonses. In fact, Plaintiffs originally requested a litany of ever-

6  increasing and improper rulings, including,

7         "1.) holding RO Kelly in contempt of the Court's Orders;

8          2) prohibiting production of the documents required under the Summonses;

9          3) precluding issuance of any additional IRS administrative summonses seeking

10          evidence that is in any way related to the facts, claims and defenses at issue herein;

11          4) imposing sanctions against the Government and RO Kelly for the conscious disregard

12          of the Federal Rules of Civil Procedure and this Court's Orders—in the form of

13            (i) awarding Plaintiffs' their attorneys' fees incurred in connection with this

14            Motion,

15            (ii) directing RO Kelly to list and provide to Plaintiffs all administrative sum-

16            monses she has issued since September 25, 2009 (the discover *(sic)* cut off

17            date) and all documents received in response thereto, and to destroy all

18            documents she has received in response to any such Summonses,

19            (iii) precluding her from testifying at trial,

20            (iv) limiting her trial testimony to her two depositions, and

21            (v) directing that, for purposes of this action, it has been established that at the

22            time the IRS asserted alter ego / nominee liens against Plaintiffs, the IRS did not

23            have sufficient evidence to establish that any Plaintiff was an alter ego /

24            nominee of RAJMP; and

25          4) *(sic)* determining such other and further relief as this Court deems just and proper in

26          the premises." (Doc. No. 243 at 9:14- 10:8.)

27       Even if <u>Universal Manufacturing</u> or <u>Ash</u> were helpful, the above requests dramatically

28  exceed the scope of what either case reasonably or fairly found as permissible restrictions on

07cv1950

1  administrative summonses. Plaintiffs ask this Court to reach beyond the proceedings of the instant

2  action and into the IRS's separate investigation. Plaintiffs provide no support for such aggressive

3  contentions and simply lack legal support for their motion.

4        Perhaps most offensive, however, is Plaintiffs' complete lack of evidentiary support.

5  Plaintiffs' arguments require this Court to assume that Revenue Officer Kelly had improper

6  motives and will act unscrupulously at trial with bolstered testimony. This is an unwarranted and

7  inappropriate accusation that the Court entirely rejects.

8        Nonetheless, the Court does not find Plaintiffs' motion to be both akin in purpose and

9  nature to contempt. Plaintiffs argue that they genuinely found suspicious Revenue Officer Kelly's

10  issuance of the summonses immediately following the Court's ruling that damages would be in

11  issue at the trial. This concern, albeit highly speculative at best in the Court's opinion, is what

12  motivated Plaintiffs to seek an extension of existing law regarding administrative summonses.

13  Only this fact redeems the Plaintiffs' motion from being sanctionable under Rule 11.

14        The Court does not find Plaintiffs' motion adequately supported in law, or reasonably

15  grounded in evidence. The Court has previously puzzled over "Plaintiffs' gamesmanship or

16  negligence." (See Doc. No. 127, 6:6-7.) Plaintiffs shall be advised that further motions, with such

17  poor support, and accusatory foundations will not be favorably received. Another action so poorly

18  founded as the instant motion, will be considered akin to contempt and sanctions will issue from

19  this Court as appropriate.

20        b.) Motion for Reconsideration

21        Plaintiffs ask this Court to reconsider its past ruling lifting the stay on production of

22  evidence requested in the summonses. Plaintiffs argue that the Court's demands left them with

23  little time to prepare a reply and as such the Court was misled by Defendant's arguments.

24  Moreover, Plaintiffs claim that the Court wrongfully applied the Anti-Injunction Act.  The Court

25  disagrees.  Accordingly, the Court rejects Plaintiffs contentions and denies the motion for

26  reconsideration.

27        Plaintiffs fail to satisfy any standard or cite any rule to support their motion. Federal

28  Rule of Civil Procedure 54(b) provides the Court with "inherent jurisdiction to modify, alter, or

revoke" all non-final orders, "absent some applicable rule or statute to the contrary." <u>Martin</u>, 226 F.3d at 1049; <u>see</u> <u>Qualcomm, Inc. v. Broadcom Corp.</u>, 2008 WL 2705161 at * 1 (S.D.Cal. 2008) (relying on inherent authority); Fed. R. Civ. P. 54(b).  Allowing such reconsideration "furthers the policy favoring judicial economy." <u>U.S. v. Jones</u>, 608 F.2d 386, 390 n.2. (9th Cir. 1979). Plaintiffs fail to raise rule 54(b) as potential authority for this motion for reconsideration. However, amending or altering the Court's previous order would controvert judicial efficiency as Plaintiffs have not presented the Court with convincing evidence to justify reversal or modification.

Within the Southern District of California, motions for reconsideration are also governed by Civil Local Rule 7.1(i). This rule requires that any motion for reconsideration must include information specifying when and to what judge the previous application was made, the ruling made thereon, and new or different facts which did not exist, or were not shown, upon such prior application.  S.D. Cal. Civ. R. 7.1(i)(1). It is unclear if a motion for reconsideration lies directly from the local rule, or if it must reconcile with the Federal Rules of Civil Procedure. <u>See</u> <u>Bestran Corp v. Eagle Comtrongic, Inc.</u>, 720 F.2d 1019, 1019 (9th Cir. 1983) ("A timely filed motion for reconsideration under a local rule is a motion to amend or alter a judgment under Federal Rule of Civil Procedure 59(e).") <u>See also</u> <u>Fuller v. MG Jewelry</u>, 950 F.2d 1437, 1441-42 (9th Cir. 1991) ("a motion for reconsideration  ... is appropriately brought under either Rule 59(e) or Rule 60(b).") Assuming arguendo that Local Rule 7.1(i) provides independent grounds for a reconsideration motion, this motion still fails. Rule 7.1 obligates the moving party to identify new or different facts. <u>See</u> S.D. Cal. Civ. R. 7.1(i)(1). Plaintiffs fail to identify new facts but instead attempt to argue the Court's error because of misconstrued law. This does not constitute "new evidence" so as to justify a reconsideration of the Court's order. Accordingly, the Plaintiffs' Motion For Reconsideration is DENIED.

DATED:  August 16, 2010

_____
Hon. William V. Gallo
U.S. Magistrate Judge

07cv1950