UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert A. Politte, et al.,<br><br>             Plaintiffs,<br>v.<br><br>United States of America,<br><br>             Defendant. | Civil No. 07cv1950 AJB (WVG)<br><br>ORDER FOLLOWING HEARING ON MOTION IN LIMINE TO EXCLUDE EXPERT WITNESSES KEVIN CALL AND CARLETON KNECHTEL<br><br>[Doc. No. 258] |

A hearing for the parties motions in limine was held before Judge Battaglia on April 22, 2011, [Doc. No. 298]. The Court denied-in-part and submitted-in-part Defendant's Motion in Limine No. 7, Doc. No. 258, which sought to exclude from trial the testimony of Plaintiffs' expert witnesses Kevin Call and Carleton Knechtel. The Court denied the motion as to Mr. Call[1] and submitted the motion as to Mr. Knechtel and requested that counsel lodge further documents[2] with the Court for review. Upon review of the documents lodged and the arguments of counsel, the Court finds that Mr. Knechtel should be excluded under Rule 702 of the Federal Rules of Evidence. Based upon the foregoing and for the reasons set forth below, the Court hereby GRANTS Defendant's Motion in Limine No. 7, Doc. No. 258, as to Plaintiffs' expert witnesses Carleton Knechtel.

---

[1] While Defendant's motion to exclude was denied as to Mr. Call, the Court indicated that it would allow defendant to first voir dire Mr. Call before allowing him to testify.

[2] Defendant's lodged a copy of Mr. Knechtel's deposition transcript and an attorney-client privileged document, Exhibit B, as requested by the Court.

### *Discussion*

The portion of Defendant's motion, Doc. No. 258, that the Court took under submission, challenges Plaintiffs' expert witnesses Carleton Knechtel and requests that his opinions and testimony be excluded from trial because: 1) he conceded that he is not qualified to render an opinion in this case; 2) his opinions are irrelevant and based on information that this Court has determined is protected by the attorney-client privilege; and 3) his opinions are based on a legal standard already rejected by this Court.

Federal Rule of Evidence 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Elsayed Mukhtar v. Calif. State Univ.*, 299 F.3d 1053, 1063 (9th Cir. 2002). However, in the instant case, not only has Mr. Knechtel failed to explain how he is qualified, he has admitted that he is not.[3] The Court's review of the record indicates that Mr. Knechtel has not reviewed a nominee/alter-ego lien during his tenure as an IRS attorney and admits that he does "not have an alter ego expertise or nominee expertise." *See* Newman Decl., Ex. 7 at 131:7-23. Given the foregoing, the Court finds Mr. Knechtel is not a qualified expert on the topic of nominee/alter-ego liens.

The Defendant's motion also challenges Mr. Knechtel's opinions on the grounds that they are irrelevant and based on information that this Court has determined is protected by the attorney-client privilege. The question of whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the fact finder in resolving a factual dispute is the inquiry envisioned by Rule 702 and it is a flexible one. *Daubert*, 509 U.S. at 594; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). However, expert testimony that does not relate to any issue in the case is not relevant and therefore not helpful. *Daubert v. Merrill Dow Pharm.*, 509 U.S. 579, 591 (1993). Upon review of Mr.

---

[3] Just six days before the deadline for submitting an expert report, Mr. Knechtel wrote to Plaintiffs and stated:

> I am sorry I could not make this work as you wanted . . .
>
> Based on my review of the voluminous files I received from your office on December 3 and 7 and the various discussions we have had regarding this matter, I have concluded that I do not have sufficient expertise relative to the specific matters about which you need expert testimony.
>
> Moreover, since any report I would need to prepare is due to be filed with the court by December 22, I now feel that I do not have enough time to adequately research and prepare a quality timely report anyway.

Knechtel's expert report, the Court finds the opinions contained therein to be irrelevant to the causes of action pled because they concern action or inaction by IRS Counsel when Plaintiffs' claims involve only action or inaction on the part of Revenue Officer Kelly. *See* Doc. No. 207; *see also* Joint Proposed Pretrial Conf. Order, p. 34, ¶ 21.) The Court also notes that Mr. Knechtel's opinions regarding the action or inaction by IRS Counsel incorporate and rely upon information this Court found to be protected by the attorney-client privilege.[4]

Lastly, the Defendant argues that Mr. Knechtel applied the wrong standard in rendering his opinion. In Mr. Knechtel's expert report and deposition testimony, he states that the wrongful levy standard, i.e., probable cause, applies to this case. (Newman Decl. ¶7, Ex. E at 8:17–22; 48:10–13.) However, this Court has specifically held to the contrary finding: (1) "Flores does not apply to the instant case; " and (2) "the IRS's discharge of the Tax Liens in exchange for the proceeds of the properties' sale does not constitute a de facto levy." *See* Doc. No.123, Order p. 6, 8; *see also* Doc. No.158, Order p. 3–5; Doc. No. 207, Order p. 17.) While the Court finds the contrary assumptions employed by Mr. Knechtel in rendering his opinion problematic, the Court need not reach the merits of whether Mr. Knechtel's expert opinion applied the wrong standard because the Court has already found him unqualified and the opinion as rendered irrelevant.

## *Conclusion*

For the reasons set forth above, the Court hereby GRANTS Defendant's Motion in Limine No. 7, Doc. No. 258, to exclude from trial the testimony of Plaintiffs' expert witnesses Carleton Knechtel.

IT IS SO ORDERED.

DATED: June 1, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge

---

[4] *See* March 29, 2010 Order, Doc. No. 207, finding Exhibit B to be protected by the attorney-client privilege and finding that the privilege had not been waived.