UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. POLITTE, JOAN M. POLITTE and TRKSS, LLC, ) ) | Civil No. 07cv1950 AJB(WVG) |
| ) Plaintiff, ) | ORDER GRANTING IN PART |
| v. ) | AND DENYING IN PART |
| ) | MOTION TO RE-TAX COSTS |
| UNITED STATES OF AMERICA, ) | |
| ) | [Doc. No. 362-1] |
| Defendant. ) | |
| ——————————————— ) | |

Plaintiffs, Robert and Joan Politte,[1] proceeding *pro se*, move the Court to re-tax costs pursuant to Fed. R. Civ. P. 54(d)(1) and Local Civil Rule 54.1.h. In particular, Plaintiffs object to the following portions of the Clerk's July 27, 2012 order: (1) the decision to award $630 in costs related to service of summons and subpoenas; (2) the decision to award $12,957.11 in costs related to depositions; and (3) the decision to award $8,283 in copy costs to Defendant. (Doc. No. 362–1, p. 2:12–15.) Defendant filed an opposition to the motion to re-tax costs and Plaintiffs filed a reply. On September 14, 2012, the Court ordered supplemental briefing, Doc. No. 366, which the Defendant, Doc. No. 367, and Plaintiffs', Doc. No. 368, subsequently filed. The hearing set for October 12, 2012 at 1:30 p.m. is hereby VACATED as the Court finds this motions appropriate for submission on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the motion to re-tax costs is GRANTED IN PART and DENIED IN PART.

---

[1] Motion is not being brought on behalf of TRKSS, LLC.

### *Background*

Plaintiffs' Third Amended Complaint asserted a third-party statutory claim under 26 U.S.C. §7426(a)(4) seeking a determination that the United States' interest in Plaintiffs' property (in respect of which the Internal Revenue Service ("IRS") issued Certificates of Discharge of Federal Tax Lien under 26 U.S.C. § 6325 (b)(4)) was zero; and requested an order directing the United States to refund all money taken by IRS from Plaintiffs as a condition precedent to issuing the Subject Certificates of Discharge.

By order filed March 21, 2012, the Court found that the United States had established by a preponderance of the evidence, that Plaintiffs were the nominees/alter-egos of RAJMP.  As such, the Plaintiffs' claim for refund under § 7426(a)(4) was denied.  The Plaintiffs' motion, (Doc. No. 321), for judgment as a matter of law pursuant to Fed. R. Civ. P. 52(c) as to Defendant's alter-ego determination was also denied.

Thereafter, the Clerk issued an order taxing costs in favor of Defendant and against Plaintiffs in the total amount of $21,870.48.  Plaintiffs timely filed this motion to re-tax costs pursuant to Fed. R. Civ. P. 54(d) (Rule 54) and Local Civil Rule 54.1(h) (Local Rule 54.1).[2]

### *Legal Standard*

Under Rule 54(d), this Court has broad discretion to vacate or amend the Clerk's decision to tax costs.  *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).  In exercising this discretion, the Court is mindful that a losing party bears the burden of establishing a reason to avoid taxation of costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003).  Although a district court must "specify reasons" for its refusal to tax costs to the losing party, the Court need not "specify reasons for its decision to abide the presumption and tax costs to the losing party." *Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)*; Save Our Valley*, 335 F.3d at 945.

Under Rule 54(d), trial courts do not have discretion to tax whatever costs seem appropriate.  Courts are limited by 28 U.S.C. § 1920 in which costs they can tax.  Section 1920 "enumerates the expenses a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Alflex*

---

[2]  Plaintiffs' *Ex Parte* Application for Extension of Time to File Motion to Re-tax Costs was granted on July 13, 2012.  (Doc. No. 360.)  Plaintiffs' deadline for filing was extended to July 30, 2012. (*Id*.)

*Corp. v. Underwriters Laboratories, Inc.* 914 F.2d 175, 176 (9th Cir. 1990) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;
> > (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> > (3) Fees and disbursements for printing and witnesses;
> > (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> > (5) Docket fees under section 1923 of this title;
> > (6) Compensation of court appointed experts, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  While courts are limited to the items enumerated as taxable costs under § 1920, they are free to interpret the meaning and scope of such items.  *Alflex*, 914 F.2d at 177.  Once it has been established that a certain item falls within the scope of § 1920, the power to tax such costs is qualified only by the requirement that they be necessarily obtained for use in the case.  *Id.*

### ***Discussion***

#### *A. Costs Associated with Service of Summons and Subpoenas*

Plaintiffs request that this Court allow no more than $630 in costs associated with service of summons and subpoenas.  (Doc. No. 362–1, p. 2:14.)  However, $630 was the amount taxed to the Plaintiffs in the initial order taxing costs on July 27, 2012.  Since Plaintiffs have failed to request an alternative sum, and given that Defendant does not object to the $630 figure, this fee does not appear to be in dispute.  Accordingly, the entry of $630.00  in fees related to service of summons and subpoenas is upheld.

#### *B. Costs Associated with Depositions*

Plaintiffs contend that the costs relating to depositions were improperly taxed against them.

##### *1. Purpose of Depositions*

Plaintiffs argue that the $2,268.04 incurred in the deposition of five IRS employees was for Defendant's discovery purposes rather than for trial preparation.  (Doc. No. 362–1, p. 5:10–11.)  According to Plaintiffs, Defendant is now precluded from seeking these costs since by its own admission, it referred to the five individuals as "irrelevant IRS witnesses . . . ."  (Doc. No. 362-1, p. 5:8.)  Furthermore, following a court order mandating that the depositions proceed, Defendant did no more

07cv1950

1    than indicate that it "may" present these individuals at trial.  (Doc. No. 365, p. 2:27.)  Plaintiffs contend

2    that Defendant cannot now claim that it reasonably expected to use the deposition transcripts during

3    trial.  (*Id.* at p. 3:24–28.)

4           Defendant argues in the Opposition that each of the five contested depositions were taken for the

5    purpose of trial preparation.  (Doc. No. 364–1, p. 8:7–9.)  Because the five deposed individuals were

6    employees of the United States and were listed as witnesses at trial by the United States, the "use of

7    their deposition transcripts may have been necessary to refresh their recollection or to hold their

8    impeachment within proper limits if they were called to testify."  (*Id.*)

9           Local Rule 54(b)(3)(a) provides that:

10          The cost of an original and one copy of any deposition (including video taped depositions)
            necessarily obtained for use in the case is allowable.  Depositions need not be introduced in

11          evidence or used at trial to be taxable so long as at the time it was taken it could reasonably be
            expected that the deposition would be used for trial preparation, rather than mere discovery.

12          Counsel's copies (whether paper or electronic), in excess of the original and one copy are not
            taxable, regardless of which party took the deposition.

13

14   Civ. L. R. 54.1(b)(3)(a).  As such, the question is whether the deposition costs Plaintiffs oppose were

15   necessarily obtained for use in the case; specifically whether the depositions, at the time they were

16   taken, could reasonably have been expected to be used for trial preparation.  In *Independent Iron Works*,

17   the Ninth Circuit upheld a directed verdict against the plaintiff, and affirmed the district court's award of

18   costs to the defendants for expenses incurred in obtaining copies of deposition transcripts.  *Indep. Iron*

19   *Works, Inc. v. United States Steel Corp.*, 322 F.2d 656, 678–79 (9th Cir. 1963), *cert. denied*, 375 U.S.

20   922 (1963).  The depositions were "necessarily obtained for use in the case" because many of the

21   deposed individuals were officers and employees of the defendant, who might have been called as trial

22   witnesses.  *Id.*  The Ninth Circuit upheld the district court's reasoning that the "possibility that the

23   deposition would be used to impeach the party created a reasonable necessity for the purchase of a copy

24   in order to hold the impeachment within proper limits."  *Id.* at 679.

25          In the instant case, similar to *Independent Iron Workers*, the five contested depositions involved

26   officers and employees of the Defendant.  Furthermore, because the Defendant was under court order to

27   allow these depositions to proceed, it was reasonable to believe that the depositions would be needed for

28   trial preparation.  The fact that the Defendant indicated that it "may" call these individuals as witnesses

     does not weaken its position that it reasonably expected to use the depositions in trial preparation.  If

any of the five individuals in question had been called to testify, it is possible that the deposition transcripts would have been necessary to refresh recollections or to hold impeachment within proper limits.

As such, when the depositions were taken, it could reasonably have been expected that they would be used for trial preparation.  Accordingly, the copies were necessarily obtained for trial preparation in accordance with Local Rule 54.1(3)(a) and the Clerk properly taxed Plaintiffs the costs of the five depositions in the amount of $2,268.04.

### 2. Copies (Electronic or Paper) of Transcripts in Excess of Original Plus One Copy

Plaintiffs submit that they were improperly taxed $292.50 for electronic CDs containing copies of depositions in excess of the one original and one copy and $142.53 for duplicate original depositions. (Doc. No. 362–1, p.5:21–6:16.)

Defendant concedes that it did receive an electronic CD in addition to an original plus one copy in a total of 11 depositions.[3]  (Doc. No. 364–1, p. 10:10–18.)  As such, Defendant agrees that the taxable costs should be reduced by $220.00 to account for these duplicates.[4]  (Id.)  However, Defendant denies that it received duplicates in excess of the one original and one copy in the 6 remaining contested depositions.  Accordingly, Defendant asserts that the remaining $72.50 of the $292.50 that Plaintiffs are challenging, was properly taxed.  (Doc. No. 364–1, p. 10:19–22.)  With regard to the $142.53 taxed for duplicate originals, the Defendant does not dispute that it received duplicates and hence agrees to a reduction in costs taxed to Plaintiffs by that amount.  (Doc. No. 364–1, p. 11:1–7.)  Finally, while not raised by the Plaintiffs, Defendant disputes the Clerk's finding that the E-Depo Multimedia CD associated with the deposition of Mary Kay Pittner should be disallowed.  (Doc. No. 364–1, p. 11:8–9; *citing* Doc. No. 337, p. 57.)

---

[3]  Vic Anderson (CD-$20) (Doc. No. 337, p. 23); Christopher Barclay (CD-$20) (Doc. No. 337, p. 25); Robert Elmer (CD-$20) (Doc. No. 337, p. 35); Richard Evans, 12/2/2008 deposition (CD-$20) (Doc. No. 337, p.37); Richard Evans 8/18/2009 deposition (CD-$20) (Doc. No. 337, p.39); Jay Hale (CD-$20) (Doc. No. 337, p. 41); Dale Politte (CD-$20) (Doc. No. 337, p. 63); Joan Politte (CD-$20) (Doc. No. 337, p. 61); Robert Politte (CD-$20) (Doc. No. 337, p. 63); Robert & Joan Politte (CD-$20) (Doc. No. 337, p. 65); and Ted Politte (CD-$20) (Doc. No. 337, p. 67).

[4]  $20 per electronic CD x 11 depositions = $220.00 in costs.

1    As Defendant has conceded the issue of additional copies in part and the issue of duplicate

2    originals in whole, it appears that two issues remain in contention: 1) the remaining alleged extra copies

3    of transcripts; and 2) the E-Depo Multimedia CD.

4    The local rules allow for taxing the cost of an original and one copy of the deposition transcript.

5    Civ. L. R. 54.1(b)(3)(a).  "Counsel's copies . . . in excess of the original and one copy are not taxable,

6    regardless of which party took the deposition."  *Id.*  After review of the record, it appears that Defendant

7    did not receive additional copies, beyond the original and one copy, in the 6 remaining contested

8    depositions.[5]  Defendant received one official copy and one electronic copy of the transcripts, as allowed

9    by Local Rule 54.1(b)(3)(a).  As such, the remaining $72.50 was properly taxed.

10    With respect to the E-Depo CD, Plaintiffs contend that because Defendant did not raise the issue

11    in a timely motion to re-tax costs or alternatively, in a timely cross-motion to re-tax costs, it is estopped

12    from disputing the issue now.  Local Rule 54.1(h) provides in relevant part:

13    A review of the decision of the clerk in the taxation of costs may be taken to the court on motion
      to retax by any party in accordance with Rule 54(d), Fed. R. Civ. P., and Civil Local Rule 7.1.

14          1. A motion to retax must be served and filed within seven (7) days after receipt of the

15          notice provided for in Civil Local Rule 54.1.g., or unless within the seven (7) day period
            the court permits the motion to be made orally.

16          2. A motion to retax must particularly specify the ruling of the clerk excepted to and no
            others will be considered at the hearing, except that the opposing party may, within (3)

17          days of service of the motion to retax, file a cross-motion to retax.

18    Civ. L. R. 54.1(h)(1)(2).  Defendant did not file a timely motion to re-tax costs or a cross-motion within

19    the time allowed under Local Rule 54.1, rather the Defendants simply raised this challenge for the first

20    time in the opposition to Plaintiffs' motion.  As such, this argument is not properly before the Court as it

21    is untimely, therefore the clerk's ruling in refusing to tax costs for the E-Depo CD is DENIED.

22    Accordingly, the amount of taxable costs will be reduced by $220.00 to account for the extra

23    copies,  and reduced by $142.53 to account for the duplicate originals.[6]

24

25    [5]  The 6 contested depositions are those of Noeme Canes, Erin Kelly, Kathleen Lee, Vicki
      Martinson, Teresa Peck, and Dale Politte. Where there are itemized invoices, the Defendant appears to

26    have received one official copy and one electronic copy of the transcripts.  *See* Noeme Canes (CD - $15)
      (Doc. No. 337, p. 33); Erin Kelly 12/3/2008 deposition ($27.50) (Doc. No. 362-2, p. 9); Erin Kelly

27    8/17/2009 deposition (CD - $15) (Doc. No. 337, p. 47); and Kathleen Lee (CD - $15) (Doc. No. 337 p.
      51).

28

      [6]  A total of $362.53 should be deducted.

07cv1950

### 3. Delivery Fees

Plaintiffs argue that they were improperly taxed $302.68 for deposition delivery that was not in conjunction with the delivery of the depositions to the clerk for filing.  (Doc. No. 362–1, p. 6:27–28.)  Relying on § 1920(2) and Local Rule 54.1(b)(3)(d), Plaintiffs submit that taxation for the costs incurred for postage and/or delivery of depositions—other than postage for sending the original deposition to the clerk for filing—is not allowed.  (*Id.* at p. 6:19–21; *citing* 28 U.S.C. § 1920(2); Civ. L. R. 54.1(b)(3)(d).)

Defendant does not dispute that the local rules "do not expressly permit taxing the costs of delivering the deposition transcripts to counsel."  (Doc. No. 364–1, p. 11:18–19.)  As such, the Defendant no longer seeks to recover these delivery fees.  (*Id.* at p. 11:22–12:1.)  Accordingly, the taxable costs related to the deposition transcripts will be reduced by $302.68 to account for the improperly taxed delivery fees.

### C. Costs Associated with Exemplification and Copies

Plaintiffs argue that the $8,283.37 they were taxed for copies was improper.  (Doc. No. 362–1, p. 9:4–7.)  According to Plaintiffs, the copies were obtained for Defendant's own use in discovery, and hence the costs claimed by Defendant for copying do not meet the criteria of Local Rule 54.1(b)(6)(a) and.  (*Id.* at 9: 4–6.)  Furthermore, Plaintiffs argue that Defendant overstated the copying cost from Impact Legal Technologies by $100.00.[7]  (*Id.* at p. 9:13–15.)

Defendant does not challenge the disputed $100.00 fee associated with Impact Legal Technologies copying costs and agrees to reduce the amount of fees it seeks by $100.00.  (Doc. No. 364–1, p. 13:12–14.)  Defendant does however assert that the remaining amount requested—$8,183.37— is in compliance with Local Rule 54.1(b)(6)(a) and should therefore be upheld.  (*Id.* at p. 15:10–14.)

Pursuant to Local Rule 54.1, parties seeking to recover copying costs are limited by certain enumerated criteria.  In relevant part, Rule 54.1 provides:

> The cost of copies necessarily obtained for use in the case are taxable if one or more of the following criteria are met:
>
> > (1) copies were provided either to the court or to opposing counsel either by court order, rule or statute;

---

[7]  The correct copying costs were $6,296.62, rather than $6,396.62.

(2) copies were used as court exhibits, either admitted into evidence, or attached to a motion.

Civ. L. R. 54.1(b)(6)(a).  The rule expressly prohibits taxation of "[t]he cost of copies obtained for counsel's own use."  Civ. L. R. 54.1(b)(6)(b).  The burden of showing that the cost of copies meets the above criteria is on the requesting party:

> The party seeking recovery must present documentary evidence in the form of affidavits describing the documents copied, to whom they were provided, the number of pages copied, and the cost per page, and the use of or intended purpose for the items copied.  If the documents were provided only to the party seeking recovery, that party must specify the purpose of acquisition and photocopying of the documents served.  In absences of a specific showing, recovery must be denied.

Civ. L. R. 54.1(b)(6)(c).  The disputed copying costs are summarized as follows:

| Vendor | Cost |
| --- | --- |
| Bank of the West | $31.40 |
| California Bank and Trust | $974.60 |
| Impact Legal Technologies[8] | $6,296.62 |
| Union Bank | $880.75 |
| **Total** | **$8,183.37** |

### 1. Bank of the West

Regarding the exemplification charges incurred through Bank of the West, Defendant asserts in its supplemental brief, that these documents—bates labeled with the prefix "BOW"— were provided to opposing counsel pursuant to Defendant's obligation to supplement its discovery responses according to Federal Rule of Civil Procedure 26(e).  (Doc. No. 367-1, p. 6:18-21.)  Plaintiffs' contention that these copies were retained by Defendant is unsupported by the record.  (Doc. 367-3, p. 2.)  Given that this exemplification charge comports with Local Rule 54.1(b)(6)(a)(1), the taxing of $31.40 is upheld.

### 2. California Bank and Trust

Regarding the exemplification charges incurred through California Bank and Trust, Defendant again asserts that these documents—bates labeled with the prefix "CBT"— were provided to opposing counsel pursuant to Defendant's obligation to supplement its discovery responses.  (Doc. No. 367-1, p.

---

[8]  This figure takes into account the $100.00 that was incorrectly taxed.

8:17-21.)  In support of its assertion, Defendant points to Plaintiffs' First Set of Requests for Production, in which these specific documents are requested.  (Doc. No. 367-1, p. 9:1-6; citing Doc. 367-3, p. 8:15-19.)  Given that this exemplification charge was incurred through Defendant's duty to supplement disclosures pursuant to Federal Rule of Civil Procedure 26(e), and comports with Local Rule 54.1(b)(6)(a)(1), the taxing of $974.60 is upheld.

### 3. Impact Legal Technologies

Defendant asserts that the document exemplification fee associated with Impact Legal Technologies also comports with the requirements of Local Rule 54.1(b)(6)(a)(1).  Local Rule 54.1 allows exemplification costs to be recovered when the cost is incurred in copying documents for the court or opposing counsel pursuant to a court order, rule or statute.  In the instant case, the documents were made available by Plaintiffs so Defendant could copy them for defense counsel's own use.  (Doc. No. 367-1, p. 10:16-19.)  Local Rule 54 specifically disallows "[t]he cost of copies obtained for counsel's own use."  Civ. L. R. 54.1(b)(6)(b).  Hence recovery is denied under Local Rule 54.1(b)(6)(a)(1).

However, Defendant also asserts that these documents—bates labeled with the prefix "Politte"—were used as court exhibits at trial.  (Doc. No. 367-1, p. 11: 6-9.)  These documents are indeed identified as exhibits actually expected to be offered at trial on Defendant's trial exhibit list.  (Doc. No. 364-3, p. 88-125.)  Accordingly, this basis for the exemplification charge comports with Local Rule 54.1(b)(6)(a)(2) and as such, the taxing of $6,296.62 is upheld on this ground.

### 4. Union Bank

Regarding the exemplification charges incurred through Union Bank, Defendant asserts that these documents—bates labeled with the prefix "UBC"— were provided to opposing counsel pursuant to Defendant's obligation to supplement its discovery responses according to Federal Rule of Civil Procedure 26(e).  (Doc. No. 367-1, p. 6:18-21.)  Plaintiffs' contention that these copies were retained by Defendant finds support in the record—specifically in a letter from Defendant to Plaintiffs acknowledging that Plaintiffs had "already received copies of the production in response to the subpoena issue to Union Bank of California and [did] not need copies from [Defendant]."  (Doc. No. 367-3, p. 13.)  Defendant does not assert that these documents were used as trial exhibits and thus, this exemplification charge fails to comport with Local Rule 54.1 subsection (1) or (2).  Accordingly,

taxable costs related to exemplification will be reduced by $880.75 to account for the improperly taxed copying fees associated with Union Bank.

### D. Request to Defer Costs Pending Appeal

Finally, the Plaintiffs request, in the alternative, that the issue of costs be deferred pending the outcome of the appeal.  As Plaintiffs have not indicated under what subsection of Rule 62 they base their request, the Court presumes Plaintiffs intend to proceed under Rule 62(d), entitled "Stay with Bond on Appeal."[9]  Under Rule 62(d), a judgment debtor is entitled as a matter of right to a stay of execution of a money judgment pending appeal upon the posting of a supersedeas bond.  "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution . . . ." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).  However, the Court may also exercise its discretion to waive the bond requirement. *In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977).

Plaintiffs have not filed a supersedeas bond, nor have they indicated that they would file a bond in the event they do not prevail on their Motion to Re-tax Costs.  Moreover, Plaintiffs have not presented any argument as to why the Court should waive the bond requirement under these circum-stances.  The Court therefore DENIES plaintiff's request for a stay of enforcement as the request fails to comply with.  Federal Rule of Civil Procedure 62(d) or Civil Local Rule 65.1.2.

### *Conclusion*

For the reasons set forth above, Plaintiff's Motion to Re-Tax Costs is hereby GRANTED IN PART and DENIED IN PART.  Plaintiffs shall pay a total of $20,224.52 in taxable costs to Defendant as follows: $630.00 in costs related to service of summons and subpoenas,[10] $12,291.90 in costs for

---

[9]  "Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) [judgment in an action for injunction or receivership] or (2) [judgment or order directing an accounting in a patent infringement action]. The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).

[10]  The initial amount taxed, $630.00, was not in dispute.

07cv1950

court reporter,[11] and $7,302.62 in costs related to document exemplification.[12]  Plaintiffs' request for stay is DENIED.

IT IS SO ORDERED.

DATED:  October 10, 2012

Hon. Anthony J. Battaglia
U.S. District Judge

---

[11] $12,957.11 (initial amount taxed ) - $220.00 (improperly taxed additional transcript copies) - $142.53 (improperly taxed duplicate originals)- $302.68 (improperly taxed delivery fees) = $12,291.90.

[12] $8,283.37 (initial amount taxed) - $100.00 (incorrect charge) - $880.75 (improperly taxed Union Bank fees) = $7,302.62.

07cv1950